IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNA THOMAS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-3803 |
| | : | |
| CHASE BANK, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                    **May 13, 2010**

Plaintiffs Verna and Mosell Thomas filed this pro se suit against Defendants Chase Bank and its affiliates (Chase), alleging Defendants defrauded Plaintiffs out of $24,000 during a financing transaction involving two properties in Trenton, New Jersey. Plaintiffs seek $5,050,000 in compensatory damages and $15 million in punitive damages for Defendants' alleged violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) and the federal Truth-in-Lending Act (TILA). Plaintiffs further ask this Court to certify this case as a class action and award class-wide damages of $500 million.[1] Defendants filed the instant Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs have failed to state a cognizable legal claim, Defendants' motion is granted.

**FACTS**

This action stems from Plaintiffs' refinancing of their rental property at 1037 South Clinton Avenue in Trenton, NJ, and a second mortgage Plaintiffs obtained to purchase an additional rental

---

[1] Plaintiffs do not describe or identify any characteristics of their proposed class.

1

property at 306 Chestnut Street in Trenton. Plaintiffs contend Chase Bank[2] fraudulently misappropriated more than $24,000 from them during the course of these transactions by charging them twice for closing costs of $8,745.14, withholding the $9,024.64 net profit from the refinancing of the Clinton Avenue property, and overcharging them for some portion of the $9,898.93 in settlement costs.

On November 30, 2009, this Court granted Defendants' Motion for a More Definite Statement and ordered the Plaintiffs to file an amended complaint within ten days. On December 17, 2009, three days after the motion was due, Defendants filed an Amended Complaint. On January 4, 2010, Defendants filed the instant Motion to Dismiss, arguing Plaintiffs' Amended Complaint should be dismissed because it does not state a cognizable legal claim.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[2] At least some of the claims made against Chase seem to be based on the theory Chase is vicariously liable for the conduct of Premier Mortgage Services, LLC (Premier); however, the Plaintiffs do not allege any agency relationship between Chase and Premier.

elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alterations, and internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When a plaintiff files a complaint pro se, a court must "liberally construe" the plaintiff's pleading, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), so as to "do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).

Plaintiffs' first claim is for unspecified violations of the UTPCPL.[3] When a plaintiff files a fraud-based claim under the UTPCPL, the plaintiff must prove the elements of common law fraud by alleging: (1) a speaker fraudulently uttered a misrepresentation; (2) the speaker made the misrepresentation while intending to induce the recipient to act; (2) the recipient justifiably relied on the misrepresentation; and (3) the recipient sustained damages as a result of the fraud. *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 296 (3d Cir. 1991); *see also Weinberg v. Sun Co., Inc.*,

---

[3] Plaintiffs do not cite the subsection of the UTPCPL which they allege Chase violated. By liberally construing Plaintiffs' Amended Complaint, the Court finds the closest provision that could form a basis for Plaintiffs' allegations is § 73 P.S. 201-2(4)(xxi), which, in conjunction with § 73 P.S. 201-3, creates liability for a defendant who engages in "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

740 A.2d 1152, 1167 (Pa. Super. 1999) (holding that fraud claims made pursuant to the UTPCPL must satisfy the elements of common law fraud). When a plaintiff alleges a defendant engaged in fraudulent conduct, the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). While particularity does not require "every material detail of the fraud such as the date, location, and time," plaintiffs must plead with precision and provide "some measure of substantiation into their allegations of fraud." *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (internal quotations and citations omitted). This requirement remains in place even when a plaintiff files a complaint pro se. *See Floyd v. Brown & Williamson Tobacco Corp.*, 159 F. Supp. 2d 823, 832 (E.D. Pa. 2001) ("While [the] plaintiff is proceeding *pro se*, and his pleadings must be construed liberally, the plaintiff is not relieved of the requirements of Rule 9(b).").

Here, Plaintiffs' claims of fraud under the UTPCPL do not contain the requisite level of particularity, even when this Court liberally construes the complaint. Plaintiffs have not identified a person who made misrepresentations to them, nor have they described the time, place, or content of any misrepresentation. Instead, they ask this Court to examine the settlement papers for the Chestnut Street and Clinton Avenue properties, claiming evidence of the Defendants' fraud can be found therein.[4] These documents do not support Plaintiffs' allegation that they were charged twice for settlement fees of $8,745.14 with regard to the Chestnut Street property, and they do not indicate $9,024.64 was improperly taken from the Plaintiffs. Without more factual content to

---

[4] Although Plaintiffs purport to attach these documents to their complaint, they did not do so. However, Defendants have attached the settlement papers for both properties as Exhibit A to their Motion to Dismiss.

support its claims, Plaintiffs' complaint lacks sufficient particularity to satisfy the Rule 9 standard. Accordingly, Defendants' Motion to Dismiss shall be granted as to the UTPCPL claim.

Plaintiffs' second claim alleges Defendants violated the TILA by failing to provide timely notice to Plaintiffs of their right to rescind the mortgage secured by the Clinton Avenue property. Defendants contend the TILA does not apply to the property in question because Plaintiffs did not purchase the property as their primary residence. The TILA's right to recission exists only if a mortgage is "acquired [for] property which is used as the principal dwelling of the person to whom credit is extended." 16 U.S.C. § 1635(a). By its plain language, the statute does not apply to transactions "involving extensions of credit primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1). Because Plaintiffs admit both properties were acquired to generate rental income, *see* Amended Compl. at 1, and Plaintiffs do not allege these properties served as their "principal dwelling," they cannot make out a cognizable claim under the TILA.

Plaintiffs also assert two unspecified violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (RESPA). First, Plaintiffs claim Defendants failed to provide a disclosure statement, presumably in violation of as required by § 2605. Section 2605 requires lenders to give borrowers information regarding the transferability of loan servicing and to notify borrowers at least 15 days before any transfer is made. Plaintiffs do not expressly allege § 2605 was violated, the loan servicing was transferred, or the transfer and violation occurred within three years before the complaint was filed (as required by 12 U.S.C. § 2614). In short, Plaintiffs' non-disclosure claim consists of merely "labels and conclusions." *Twombly,* 550 U.S. at 555.

Plaintiffs' second RESPA claim alleges Defendants received referral fees and kickbacks

forbidden by 12 U.S.C. § 2607. Section 2607 prohibits referral fees related to real estate settlement services. The complaint, however, does not include any factual allegations to support a claim under § 2607. Moreover, any action brought under § 2607 must be brought within one year of a violation. 12 U.S.C. § 2614. The Clinton Avenue property's settlement statement shows the settlement date was October 23, 2006, and the Chestnut Street property's settlement statement bears a settlement date of November 11, 2006. Presumably, any violation of § 2607 would have occurred close to the settlement dates for each property. Plaintiffs did not file their complaint until August 19, 2009. Therefore, the statute of limitations for a claim under § 2607 has likely expired.[5]

Finally, Plaintiffs pled facts which they allege form the basis for numerous other unspecified legal claims. Plaintiffs allege Defendants hired the Plaintiffs' attorney to represent the Defendants during the closings, intentionally leaving Plaintiffs without legal representation; the mortgages name only one Plaintiff, Verna Thomas, when they should have also included Mosell Thomas; and Defendants conspired to "put minors and the poor in sub-prime contract[s] with cash incentives." Pl.'s Answer to Order for More Definite Statement at 3; *see also* Pl.'s Answer to Motion to Dismiss. The Amended Complaint contains no factual support for these bare allegations. In short, Plaintiffs have not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

---

[5] Out of an abundance of caution, this Court will dismiss Plaintiffs' § 2607 claim without prejudice, despite the likelihood that any claim under this provision would be time-barred, since Plaintiffs did not plead the date on which they allege the illegal referral fees and kickbacks occurred.

This Court recognizes the difficulty pro se plaintiffs face when drafting a complaint without the aid of legal representation. Plaintiffs have already amended their complaint once, but their Amended Complaint does not provide any greater clarity regarding the specific factual circumstances surrounding their claims. Accordingly, Plaintiffs' Amended Complaint will be dismissed without prejudice.

An appropriate order follows.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.